FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 19, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RUSSELL JONES and REINA JONES, a married couple,<br><br>    Plaintiffs,<br><br>    v.<br><br>GRANT COUNTY HOSPITAL DIST. NO. 1 d/b/a/ SAMARITAN HOSPITAL, a Washington Municipality,<br><br>    Defendant. | NO. 2:19-CV-00264-SAB<br><br>**ORDER RE: PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Before the Court is Plaintiffs' Motion for Partial Summary Judgment, ECF No. 40. A hearing by videoconference on the motion was held on March 18, 2021. Plaintiffs were represented by Ryan Best. Defendant was represented by Amy Mensik.

Plaintiffs move for partial summary judgment seeking dismissal of various affirmative defenses asserted by Defendant in its answer and are asking the Court to preclude Defendant from re-litigating certain allegations. Specifically, Plaintiffs are asking the Court to preclude Defendant from relitigating the issues set forth in the April 23, 2019 Department of Health ("DOH") Complaint. DOH dismissed the Complaint because the evidence did not support a violation and Defendant never appealed that decision.

//

**ORDER RE: PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** ~ 1

## Motion Standard

Fed. R. Civ. P. 56(a) states:

> a party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

"Affirmative defenses are allegations unrelated to the plaintiff's prima facie case that deny the plaintiff's right to relief, even if all allegations in the complaint are true." *Kohler v. Staples the Office Superstore, LLC*, 291 F.R.D. 464, 471 (S.D.

**ORDER RE: PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** ~ 2

Cal. 2013) (emphasis in original). Thus, "[a] defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). The defense of "failure to state a claim" is simply an averment that the plaintiff cannot prevail on its prima facie case and therefore, is not an affirmative defense. *Id.*

### Defendants' Answer

In Defendant's Answer to the Second Amended Complaint, Defendant asserted seventeen defenses: (1) Failure to state a claim upon relief can be granted; (2) Failure to exhaust administrative remedies and/or mandatory prerequisites of suit; (3) Plaintiffs' claims are barred by the statute of limitations; (4) Plaintiffs' claims are barred by estoppel, waiver, and/or laches; (5) All conduct, acts, or omissions of Defendant were done in good faith, for legitimate and lawful reasons, with just cause, and/or in conformance with the terms and conditions of any existing and operable agreements between the parties; (6) Defendant would have made the same decision with respect to alleged adverse actions against Plaintiffs regardless of any alleged discriminatory and/or retaliatory motive; (7) Plaintiffs unreasonably failed to inform Defendant of any condition and/or situation; (8) Plaintiffs failed to request an accommodation for alleged disability; (9) Any alleged accommodation request was unreasonable and/or would have imposed an undue hardship; (10) Plaintiffs are responsible for any breakdown in the interactive process; (11) Plaintiffs' claims, in whole or in part, fail for lack of subject matter jurisdiction and/or due to immunity from suit, including, but not limited to, under RCW Ch. 18.130, RCW Ch. 70.41, RCW 4.24.240-.260, and/or RCW 4.24.510; (12) Defendant has an overriding justification for any alleged dismissal and/or retaliatory action; (13) Some or all of Plaintiffs' requested remedies are precluded by existing law; (14) Plaintiffs' damages, if any, were caused by his/her/their own actions and/or the fault and/or actions of a non-party (15) Plaintiffs' damages, if any, were not proximately caused by Defendant's alleged actions; (16) Plaintiffs'

**ORDER RE: PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** ~ 3

damages, if any, were caused by yet-unknown intervening or superseding causes; and (17) Plaintiffs failed, in whole or in part, to mitigate his/her/their damages. ECF No. 28.

## Analysis

Plaintiffs' principal argument is that many of Defendant's defenses are not proper affirmative defenses. Based on that argument, Defendant agrees that the following defenses asserted in its Answer can be dismissed: (1) failure to state a claim; (4) estoppel, waiver, and/or laches (5) good faith; (7) failure to inform; (8) failure to request; (10) breakdown in the interactive process; (13) remedies precluded by law; and the damages defenses (14)-(16). Additionally, (12) overriding justification is no longer applicable since the state law claims have been dismissed. Thus, Plaintiffs' Motion for Partial Summary Judgment on these defenses are denied, as moot.

For the remaining affirmative defenses, genuine issues of material fact exist that preclude summary judgment. These affirmative defenses are (2) exhaustion; (3) statute of limitations; (17) mitigation; (6) same decision; (9) undue hardship; and (11) immunity. As such, Plaintiffs' Motion for Partial Summary Judgment is denied.

Finally, the Court declines to rule on whether Defendant should be precluded from relitigating the issues set forth in the April 23, 2019 Department of Health ("DOH") Complaint. A motion for summary judgment is not the appropriate avenue to address this issue.

//
//
//
//
//
//

**ORDER RE: PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** ~ 4

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Partial Summary Judgment, ECF No. 40, is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 19th day of March 2021.



Stanley A. Bastian
Chief United States District Judge

**ORDER RE: PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** ~ 5